UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMBO THACH,

      Petitioner,

        v.

BRIAN ENGLISH,

      Respondent.

CAUSE NO. 3:26-CV-309-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Sambo Thach, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Thach has filed a reply. ECF 7, ECF 9. The petition is ready to be decided.

## BACKGROUND

Thach is a Vietnamese citizen who entered the United States in 1989. ECF 7-1 at 1-2. On June 8, 2012, an immigration judge ordered him removed to Vietnam. *Id.* On September 11, 2012, Immigration and Customs Enforcement (ICE) released Thach on an Order of Supervision. *Id.* On September 2, 2025, ICE detained him again, and he is currently held at the Miami Correctional Facility. ECF 7-2. In his reply, Thach references the historical reluctance of Vietnam to accept individuals who entered the United States prior to 1995 for removal. ECF 9 at 3.

On March 27, 2026, the respondent filed a status report representing that the government had not obtained travel documents from Vietnam and that it was unlikely that he would be removed within thirty days. ECF 6. An ICE official from the Chicago Field Office of Enforcement and Removal Operations attests that the office received a completed travel application from Thach on March 3, 2026, and that they are preparing a formal request for travel documents for Vietnam, which must include translations of orders and charging documents. ECF 7-3.

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Thach's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Thach's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

for Thach ended fourteen years ago, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Thach has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Vietnam as the sole country under consideration for removal. The government's efforts to remove him in 2012 were unsuccessful, and he was released on an Order of Supervision. Further, Vietnam has historically refused to accept individuals who entered the United States before 1995 for

3

removal. Additionally, Thach's immediate term of detention now spans eight months. The court finds that this showing suggests that Vietnam has and will refuse to accept for removal and constitutes good reason to believe that there is no significant likelihood of Thach's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers an attestation that the government is preparing a travel document application for Vietnam. This showing does not persuade the court that Thach's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Thach to Vietnam will be successful now when they were unsuccessful in 2012 and when Vietnam has historically refused to accept individuals who entered the United States before 1995 for removal. Though translation efforts may take time, it is unclear why such efforts remain incomplete and why the application remains unsubmitted after eight months of re-detention. The Warden also provides no insight as to when Vietnam might reach a decision once the application is submitted or the likelihood that Vietnam will issue the travel documents. Consequently, the court finds that the respondent has not adequately demonstrated that Thach's removal is reasonably foreseeable. Therefore, the respondent must release Thach.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondents to release Sambo Thach on the same conditions of supervised release that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 28, 2026**;

4

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on April 24, 2026

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT